open a judgment. The petition filed upon which the rule was granted, contained a prayer that the entry of said judgment be stricken off and that it be opened and the defendant let into a defence. The court did not act upon the motion to strike off the judgment; the motion to open it was refused. Had it acted upon both, the refusal to open is the only one that could be heard upon this appeal. There is no merit in either application. The judgment had been of record for sixteen years before any application was made either to strike off or to open it, and no reason is assigned for the delay. Aside from this, the only defence which the defendant sets up, that of payment, can be heard upon the scire facias to revive, which is now pending.

The order is affirmed.

---

## DAVID DIEHL v. W. A. PETERSON, ET AL.

### ERROR TO THE COURT OF COMMON PLEAS OF BEDFORD COUNTY.

Argued May 13, 1889—Decided May 27, 1889.

In this cause, an action of trespass against the sheriff for selling personal property of the plaintiff, a married woman, on an execution against her husband, the trial court properly submitted the facts in evidence to the jury, under correct instructions that the burden was upon the plaintiff to establish affirmatively by clear and satisfactory evidence that the goods claimed to have been unlawfully sold by the defendant, had been bought for her and paid for with money which she had of her separate estate.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MC-COLLUM, JJ.

No. 31 January Term 1889 Sup. Ct.; court below, No. 53 April Term 1887, C. P.

On February 21, 1887, William A. Peterson and Mary J. Peterson, his wife, in right of said wife, brought trespass de

bonis asportatis against David Diehl, sheriff of Bedford county, to recover damages for the sale of goods by the defendant as the goods of the husband, but which were claimed by the wife as her separate estate. The defendant pleaded: (1) Not guilty; (2) That the goods were not the property of the plaintiff; (3) That the defendant took said goods under legal process as sheriff of the county. Replication was filed, and issue joined.

On the trial the following facts appeared:

Jeremiah Clark, a judgment creditor of W. A. Peterson issued a fieri facias and levied on "2 acres of oats in the straw, 18 acres of corn in the ground, 12 bushels of wheat, 10 bushels of rye, and one half acre of potatoes and all defendant's other personal property." On November 11, 1886, Mrs. Peterson gave notice to the sheriff in writing as follows:

DAVID DIEHL, Sheriff of Bedford county:

Sir: The levy you took on the property of W. A. Peterson and advertised to be sold on the 15th as his property, is not his; it is mine and I would ask you not to sell the same, as the property is mine. Respectfully, MARY PETERSON.

The sheriff did not sell this property, and subsequently Clark issued an alias fieri facias, whereon a levy was made upon certain other property as the property of Wm. A. Peterson. On January 11, 1887, the day of the sale on this last writ, Mary J. Peterson gave the sheriff another notice in writing, verified by affidavit made January 6, 1887, claiming, as her own property, "two horses, two cows, two sleds, two wagons, two sets of harness, one set of single harness, all the hay, corn-fodder, straw, and all the grain that was on the place, also a lot of shoats and other personal property belonging to my husband at the marshal's sale," and that the property specified had been bought in for her at a marshal's sale with money given her by her father and mother.

The execution plaintiff gave a bond of indemnity to the sheriff who proceeded and sold: One brindle heifer, one small heifer, two small bulls, one white cow, five shoats, one sow and pigs, two sheep, one lot of hay, one lot of screenings, one lot of corn, and one fanning mill.

The deputy sheriff who sold the goods, testified that Mr. Peterson notified him before the sale that the property was

claimed by his wife. The plaintiff introduced other testimony to sustain the claim under the notice of January 11, 1887, and then made the following offers:

Mr. Longenecker: I now offer this notice attached to the writ, dated November 11, 1886.

Mr. Hall: I object to the notice because it means nothing if detached from the writ; the notice is incompetent in itself.

By the court: We have to admit that, and let the notice speak for itself; exception.[1]

Mr. Longenecker: Now I will offer the original writ, No. 140 September Term 1886.

Mr. Hall: To that I object, that this notice with a former writ would have nothing to do with this particular notice and sale; moreover, the notice is general and does not specify any property in particular; and the writ discloses the fact that the levy was "2 acres of oats in the straw, 18 acres of corn in the ground, more or less, 12 of wheat, 10 bushels of rye, one half acre of potatoes in the ground, more or less, and all defendant's other personal property;" the phrase "and all defendant's other personal property" means nothing and is mere surplusage, and, being in a former writ, could by no means have any other construction.

By the court: We will admit that, as it is in line with previous matters; exception.[2]

The defendant in his case in chief made the following offers: Jeremiah Clark, called for defendant:

Q. When you had issued your second writ, state whether you got any notice? A. When I went to Pleasantville the sheriff was there, the day of the sale. I saw him, and he asked me to go down to Crissman's. I went, and he showed me the writ, and I looked over it, and he said—

Mr. Longenecker: I object to this.

Mr. Hall: I propose to prove that he looked over the notice and said, "We will not sell any property named therein, except those four shoats; for I am satisfied that they are not of the marshal's sale;" that he proceeded to sell, and that no other notice was given there by the woman or anybody else; and that he sold what he did sell by reason of this notice; and that there was no notice of any of these cattle or sheep or wind-mill being the property of Mrs. Peterson.

Charge of Court below.

Mr. Longenecker: I object to this offer for the reason that the notice must speak for itself.

By the court: That we will admit, but not what he said.

Mr. Hall: I want to prove what he said.

By the court: That we will not admit; exception.[3]

Q. Now did you sell anything, except the four shoats, that you were notified not to sell? A. No, sir.

Q. Did you get any notice of any kind from Mrs. Peterson except that written notice there? A. I did not.

Mr. Hall: Now I propose to show that he would not have directed the sheriff to sell anything there belonging to her if he had received notice. My reason is, because, on the other side, they have undertaken to show that we gave the sheriff a writing of indemnity when we gave the sheriff the writ; for Mrs. Peterson is estopped of any claim to the property which by her silence she permitted us that day to sell, and not only by her silence, but by giving us a written notice what not to sell.

By the court: This offer is refused. Exception.[4]

The court, BAER, P. J., charged the jury as follows:

This cause, being an action of a married woman to recover damages for the sale by the sheriff of personal property on an execution against her husband, which she claims as her own separate estate, she must therefore make good her claim to the property sued for by clear and satisfactory evidence or she cannot recover.

The rule is that when a married woman sets up a claim for property against her husband's creditors she must satisfy a jury of her claim by clear and satisfactory evidence. She must prove affirmatively that the goods were bought for her and paid for by her own money, of her separate estate. If the husband is found by you to have been largely indebted at the time the plaintiff alleges he paid her money, then such payment did not make it money of her separate estate unless he honestly owed her at the time and paid it to her as paying a debt.

If there is no proof by clear and satisfactory evidence that the property bought at the marshal's sale was paid for by her own money of her separate estate, the law will presume it was

paid by the money of the husband. The same rule applies to any other property involved in the case. She must by the same clear and satisfactory evidence satisfy you of the gift of property and money from her parents, and that some of the cattle and sheep claimed are some of that property or the progeny of it.

The plaintiff's claim rests mainly on the testimony of husband and wife; they are competent witnesses, but their testimony is open to the closest scrutiny if unsupported. If she can establish a right by such evidence for all the property she claims, she would be entitled to a verdict for damages for the actual value. If she has only established such right or claim to a part, she would be entitled to a verdict only for the value of such part. You will have the sale list with you to guide you, if she is entitled to receive at all. If she has failed to satisfy you by clear and satisfactory evidence that any part of the property was of her own separate estate, then the verdict must be for the defendant.

The court is requested by the defendant to charge:

1. That the burden of proof is on the plaintiff to show property by clear and satisfactory evidence, and in the whole of the evidence in this case there is not such clear and satisfactory proof of title to the property as will warrant a verdict in her favor.

Answer: We affirm all of this point, except the request to say that it will not warrant a verdict for the plaintiff. We say that unless she satisfies the jury by clear and satisfactory evidence, she cannot recover; and as the evidence is mainly that of the husband and wife you must scrutinize it, as the contest is between the wife and her husband's creditors.[5]

2. That the evidence of the plaintiff having money of her own and paying for the property with it at the marshal's sale, is not such clear and satisfactory evidence as will warrant a verdict for her.

Answer: We affirm all of this point except the request to give binding instructions, and say that unless she satisfies you by clear and satisfactory evidence that the property at the marshal's sale was bought for her, and paid for with her money, which she had of her own separate estate, she cannot recover damages for any of that property embraced in this suit.[6]

Opinion of the Court.

6. That the plaintiff is estopped by her silence in not giving notice at the sheriff's sale of her claim to the property now in dispute, viz.: the cattle, sheep and wind-mill.

7. That the plaintiff is estopped by her actual written notice of claim, dated January 6, 1887, and handed to the sheriff the day of the sheriff's sale, in which she did not claim any of the property now in dispute, to wit: the cattle, sheep and wind-mill.

Answer: If the jury find she was present at the sheriff's sale and gave no notice of any claim of hers to the property being sold, she is now estopped. Or, if she gave a written notice enumerating the property she claimed, and if that notice did not clearly point out and assert her claim to the property now claimed, then she is estopped and cannot recover in this case, unless she also gave a verbal notice of the property she now claims. The written notice you will take with you as you retire.[8]

The jury returned a verdict for the plaintiff for $79.35 and judgment was entered thereon, whereupon the defendant took this writ, assigning for error:

1–2. The admission of plaintiff's offers.[1] [2]

3–4. The refusal of defendant's offers.[3] [4]

5–8. The answers to defendant's points.[5] to [8]

*Mr. William Maclay Hall, Jr.,* and *Mr. William M. Hall,* for the plaintiff in error.

*Mr. Jacob H. Longenecker* (with him *Mr. S. L. Russell*), for the defendant in error.

PER CURIAM:

This case does not require discussion.

Judgment affirmed.